NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3723
_____

UNITED STATES OF AMERICA

v.

SHAMIR KANE,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-16-cr-00403-001)
District Judge: Eduardo C. Robreno
_____

Submitted under Third Circuit L.A.R. 34.1(a)
October 22, 2019

BEFORE: GREENAWAY, JR., PORTER, and COWEN, Circuit Judges

(Filed: January 23, 2020)

_____

OPINION*
_____

COWEN, Circuit Judge.

    Defendant Shamir Kane appeals from the criminal judgment entered by the United

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

States District Court for the Eastern District of Pennsylvania. We will affirm.

I.

An Eastern District of Pennsylvania grand jury returned a fourth superseding indictment charging Kane as well as Tanaya Martin with conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a), Hobbs Act robbery, id., and using and carrying a firearm during a crime of violence, 18 U.S.C. § 924(c). These charges arose out of the armed robbery of a T-Mobile store in Philadelphia on August 6, 2016. Kane and Lamar Griffin were also charged with Hobbs Act robbery and using and carrying a firearm during a crime of violence in connection with the armed robbery on August 22, 2016 of another T-Mobile store located in Cheltenham Township, Pennsylvania. Kane, Martin, and Ashley Sterling were charged with tampering with a witness to the August 6 robbery in violation of 18 U.S.C. § 1512(b)(2). Kane and Martin were charged in a second count of witness tampering in connection with another incident involving a witness to the August 6 robbery (and Martin was charged with bank robbery, 18 U.S.C. § 2113(a)).

Robert Gilmore had previously pled guilty to charges arising out of the August 6 robbery. Martin, Griffin, and Sterling pled guilty to the charges against them. Kane filed a motion to sever the August 22 robbery charges from the August 6 robbery and witness tampering charges. The District Court denied his motion. The jury found Kane guilty on all counts, and he filed a motion for a judgment of acquittal as well as a motion for a new trial. Kane raised two evidentiary challenges: (1) that Griffin's admission at his guilty plea hearing that he committed the August 22 robbery with Kane was improperly admitted as substantive evidence after he had testified at Kane's trial that Kane was not

2

one of the individuals who robbed the Cheltenham T-Mobile store; and (2) that the evidence of the August 6 robbery was inadmissible as evidence of the August 22 robbery. The District Court denied both motions. Kane was sentenced to a total of 408 months' imprisonment.

## II.[1]

Initially, Kane challenges the District Court's determination that the charges against him were properly joined for trial under Federal Rule of Criminal Procedure 8.[2] However, "Kane agrees that Counts Two, Three and Four, which pertain to the August 6th robbery, were properly joined pursuant to Fed. R. Crim. P. 8(a) with Counts Five and Six, which pertain to the August 22nd robbery, because they are 'of the same or similar character,' i.e., Hobbs Act robbery." (Appellant's Brief at 13.) He also acknowledges that "Counts Seven and Eight, which involve witness tampering offenses stemming from the August 6th robbery, were properly joined with Counts Two, Three, Four because 'they were connected with or constitute parts of a common scheme or plan.'" (Id. at 13-

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

[2] We render an independent determination as to whether there was an improper joinder. See, e.g., United v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003). The District Court and Kane have applied Rule 8(a) ("(a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged-whether felonies or misdemeanors or both-are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."). The government asserts that this matter is governed by Rule 8(b) ("(b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count."). The joinder at issue here was proper under both subsections.

3

14.) He argues that the witness tampering charges were improperly joined with the August 22 robbery charges because there was no similarity or other nexus between these charges. But Kane "cites no cases for his proposition that the joinder of two unrelated offenses is improper where they are each separately properly joined to a third offense that is also charged in the same indictment." United States v. Kane, CRIMINAL ACTION No. 16-403-01, 2018 WL 10016115, at *1 n.1 (E.D. Pa. Apr. 11, 2018). "[T]he Witness Tampering Charges and the Second Robbery Charges were each properly included in the fourth superseding indictment because they each have a connection to the First Robbery Charges that appear in that same indictment[.]" Id.

"If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."[3] Fed. R. Crim. P. 14(a). The District Court appropriately summarized the factors that guide its exercise of discretion, including whether the presentation of separate counts with distinct and extensive evidence would confuse the jury, whether the charging of several crimes would lead to jury hostility, and whether the jury would be able to segregate the evidence as to each count. It recognized there were a number of differences between the two robberies (e.g., the August 6 robbery occurred in West Philadelphia in the early morning, involved two armed men and one woman, the woman stuffed the cell phones into a bag, and Kane and others allegedly tampered with the

_____

[3] We review the denial of a severance motion for abuse of discretion. See, e.g., United States v. Hart, 273 F.3d 363, 369 (3d Cir. 2001).

4

witnesses while, in contrast, the August 22 robbery occurred in the evening in Cheltenham, involved three men and one firearm, and the men had the employees put the cell phones in the bag).  The two incidents also involved different victims and law enforcement agencies.  Nevertheless, there were some clear similarities, "including the type of store, type of merchandise stolen, number of accomplices, use of a gun, and the robbers' method of arriving when the store was empty of customers and forcing the employees to the back of the store at gunpoint to load the phones into a gym bag."  Kane, 2018 WL 10016115, at *1 n.1.  "In addition, the robberies occurred at stores a few miles apart and took place within three weeks of each other."  Id.  "[T]he phones were later sold through the same individual[.]"  Id.  There was also evidence that Kane sent Sterling text messages about both robberies.

The District Court properly disposed of Kane's request for severance.  Given the circumstances, it appropriately determined that the evidence regarding each robbery was admissible to prove the identity of the perpetrator in the other robbery under Federal Rule of Evidence 404(b).  Likewise, the probative value of this evidence did not substantially outweigh the danger of unfair prejudice under Federal Rule of Evidence 403.  According to Kane, the evidence of the witness tampering charges "opened the door to the jury viewing Kane as a violent individual in its evaluation of the events of August 22nd for which there was a paucity of evidence."  (Appellant's Brief at 15.)  However, a defendant "must 'pinpoint clear and substantial prejudice resulting in an unfair trial,'" United States v. Riley, 621 F.3d 312, 335 (3d Cir. 2010) (quoting United States v. McGlory, 968 F.2d 309, 340 (3d Cir. 1992)), and the District Court adequately explained that this burden was

not satisfied.  See, e.g.  United States v. Bornman¸559 F.3d 150, 156 (3d Cir. 2009) ("It

follows from this that a defendant is not entitled to a severance solely on the basis that the

evidence in regard to certain counts is more damaging than evidence in regard to other

counts."); United States v. Lore¸430 F.3d 190, 205 (3d Cir. 2005) (indicating that, where

multiple charges are "relatively straightforward and discrete," we do not "doubt that the

jury could have been expected to compartmentalize the evidence").

According to Kane, the District Court also erred by admitting Griffin's one-word

assent to the statement of facts read by the prosecutor at his guilty plea hearing as

substantive evidence.[4]  He argues that the rationale of United States v. Universal

Rehabilitation Services, Inc., 205 F.3d 657 (3d Cir. 2000) (en banc), applies with equal

force to statements made in a witness's guilty plea colloquy as it does to the witness's

plea agreement and the plea itself—and accordingly such statements could not be used as

substantive evidence of the defendant's guilt.  (See, e.g.¸ Kane's Reply Brief at 6 ("But,

for the reasons set forth in the principal brief,  Universal Rehabilitation rejects the

government's theory of admissibility because '[Kane] had a right to have his guilt or

innocence determined by the evidence presented against him, not by what has happened

with regard to a criminal prosecution against [Griffin]." (quoting Universal

Rehabilitation, 205 F.3d at 668 (footnote omitted) (alterations in the original)).)   The

government did not suggest that Kane was guilty simply because of Griffin's guilty plea.

Instead, the District Court appropriately admitted the admission as non-hearsay evidence

---

[4] We exercise plenary review over a district court's interpretation of the Federal
Rules of Evidence, while its ruling to admit or exclude evidence is reviewed for abuse of
discretion.  See, e.g., United States v. Sokolow, 91 F.3d 396, 402 (3d Cir. 1996).

under Federal Rule of Evidence 801(d)(1)(A) (providing that statement is not hearsay where declarant testifies and is subject to cross-examination about prior statement and statement is inconsistent with testimony and was given under penalty of perjury at trial, hearing, or other proceeding or in deposition).  It is undisputed that Griffin assented under penalty of perjury to the prosecution's summary of the factual basis of his plea, which included assertions that he had committed the August 22 robbery with Kane.  At Kane's subsequent trial, he denied that Kane was one of the perpetrators and testified that he had lied to both the FBI and at the plea hearing.  The District Court, in turn, complied with Universal Rehabilitation's directive to provide a jury instruction on the limited purposes for which it may consider the guilty plea and plea agreement (i.e., to assess the witness's credibility, to eliminate any concern that the defendant has been singled out, or to explain how the witness had first-hand knowledge).  See Universal Rehabilitation, 205 F.3d at 668.

III.

For the foregoing reasons, we will affirm the criminal judgment entered by the District Court.

7